UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BRAYAN CORTEZ LEDEZMA (A-249-008-056),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-04599-DC-CSK (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 7) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 31, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 7.) On August 6, 2026, Respondents filed objections to the findings and recommendations, merely stating that "[i]n order not to waive the right to appeal, Respondents object generally to the findings and recommendations of the Magistrate Judge." (ECF No. 8.) Such a general objection provides no basis upon which to reject the findings and recommendations. Further, although Respondents argue that the basis for Petitioner's detention is 8 U.S.C. § 1225(b)(2), which "mandates detention

of arriving aliens such as Petitioner," (Doc. No. 5 at 1), the magistrate judge correctly explained, (ECF No. 7), that noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Moreover, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The magistrate judge recommends Petitioner be immediately released, (ECF No. 7 at 10), but consistent with this court's previous decisions, the undersigned finds that requiring Respondents to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Unlike the petitioner in *Altin*, who had been arrested but not charged with any criminal offenses and who was detained by immigration authorities seven months after his release from that arrest, here, Petitioner was detained immediately following his incarceration, which appears to have been associated with his convictions on November 5, 2025, and January 6, 2026, for obstruction of justice and drug-

related crimes. (Doc. No. 5-1.) Thus, unlike in *Altin*, Respondents have provided a non-pretextual changed circumstance that may warrant revocation of Petitioner's prior release. This court has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified.").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 31, 2026 (ECF No. 7), are ADOPTED IN PART;

2. Petitioner Jesus Brayan Cortez Ledezma's (A-249-008-056) petition for a writ of habeas corpus (ECF No. 1) is GRANTED, as follows:

   a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and

   b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;

3. Within fifteen (15) days of the date of entry of this order, Respondents are ORDERED to file a status report with the court confirming compliance with this order;

4. The Clerk of the Court is directed to serve the California City Detention Facility

with a copy of this order; and

5. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 15, 2026**

Dena Coggins
United States District Judge